[L. A. No. 449.   Department Two.—August 9, 1898.]

## HENRY WILSON, Respondent, v. CALIFORNIA BANK, Appellant.

MORTGAGE BY DEED ABSOLUTE — FORECLOSURE OF STREET ASSESSMENT — PARTIES.—Upon the foreclosure of a valid street assessment, the holder of the apparent record title is properly made a party defendant, under the street law of 1885, though he may be in fact holding only as a mortgagee by deed absolute.

ID.—FORECLOSURE OF MORTGAGE—HOSTILE TITLE—PARTIES.—The title acquired under the sheriff's sale upon foreclosure of the street assessment, against the mortgagee by deed absolute, is not subject to the asserted mortgage, but is superior and hostile thereto, and cannot be litigated in a subsequent action to foreclose the mortgage; nor is the claimant of such title a proper party to the latter action.

ID.—EFFECT OF DECREE—UNRECORDED ASSIGNMENT OF CERTIFICATE OF SALE —LIS PENDENS.—The decree of foreclosure of the mortgage is not binding upon the holder of an unrecorded assignment of the certificate of sale, who had become entitled to a sheriff's deed under foreclosure of the street assessment against the mortgagee by deed absolute prior to the commencement of the action to foreclose the mortgage. The claim of such assignee is adverse to the mortgagor; and, not being a proper party to the action, nor made a party thereto, he is unaffected by the decree, or by a notice of lis pendens filed at the commencement of the action.

ID.—CONSTRUCTION OF CODE—UNRECORDED INSTRUMENTS—TITLE ADVERSE TO MORTGAGOR.—Section 722 of the Civil Code, making a decree of foreclosure of a mortgage conclusive against persons claiming under the mortgagor, whose conveyances or liens were not of record when the action was commenced, applies only to those holding from or under the mortgagor, and does not apply to a purchaser at a sale for a street assessment or for a tax, or to the claimant of a title adverse to that of the mortgagor.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. M. T. Allen, Judge.

The facts are stated in the opinion of the court.

Jones & Weller, for Appellant.

Finlayson & Finlayson, for Respondent.

McFARLAND, J.—This is an action to quiet title to a certain lot of land. Judgment went in the court below for plaintiff, and defendant appeals from the judgment and from an order denying a motion for a new trial.

The plaintiff claims title to the lot through a sale made pursuant to a judgment enforcing a lien for an assessment for street improvements upon the lot. On November 22, 1887, one Burlingame was the owner of the lot in question, and on that day executed a deed conveying the lot to the present defendant, the California Bank, which deed was on said day duly recorded. Afterward, and while the record title thus stood in the defendant, there was an assessment duly made upon the lot for street improvements, and one Brearly brought suit to foreclose the same, making the defendant, the California Bank, a party defendant thereto. Such proceedings were had that a judgment enforcing the lien was entered, and the lot was sold by the sheriff to said Brearly to satisfy the assessment; a certificate of sale was issued to him, which on November 3, 1890, was duly recorded; and thereafter, on February 14, 1891, he assigned the certificate to one M. C. Marsh. This assignment Marsh did not cause to be recorded. No redemption having been made, and the time for redemption having expired on May 1, 1891, the sheriff on February 20, 1892, executed a deed conveying the lot to the said Marsh, which was recorded March 26, 1892, at 2:47 P. M. Marsh afterward conveyed the property to the plaintiff. No objection is made by appellant to the regularity and validity of the assessment, or to the judgment and sale made under it; and plaintiff has full title to the lot under said proceedings unless the title was cut off by the matters hereinafter mentioned.

The deed of conveyance hereinbefore mentioned by Burlingame to the defendant, the California Bank, while apparently conveying the legal title, was in fact intended as a mortgage; and on May 8, 1891, after the expiration of the time for redemption under the sale on the assessment judgment, the de-

fendant brought suit to foreclose the said intended mortgage. Said Brearly was made a party defendant, and filed an answer disclaiming all interest. Marsh was not made a. party defendant. The suit proceeded to a decree of foreclosure, which was entered on January 22, 1892. On March 26, 1892, at 12 o'clock M. the lot was sold by the sheriff under said decree to the defendant; and on September 29, 1892, a sheriff's deed issued to the defendant therefor. The defendant claims title under the last-mentioned deed; and the contention of defendant is, that the title of the plaintiff acquired under the said assessment judgment was cut off and defeated by the decree in the foreclosure of the mortgage, upon the ground that, as Marsh's assignment of the certificate of sale had not been recorded at the time the mortgage foreclosure suit was commenced, therefore all his interest was foreclosed under the provisions of section 722 of the Code of Civil Procedure. That section provides that: "No person holding a conveyance from or under the mortgagor of the property mortgaged, or having a lien thereon, which conveyance or lien does not appear of record in the proper office at the time of the commencement of the action, need be made a party to such action, and the judgment therein rendered and the proceedings therein had are as conclusive against the party holding such unrecorded conveyance or lien as if he had been made a party to the action." The section refers, however, only to those holding from or under the mortgagor, and a purchaser at a sale for street assessment or tax is not within that class. At the time of the commencement of the action to enforce the assessment the California Bank held the apparent record title, and was properly made defendant under the street law (Stats. 1885, p. 159); and if plaintiff could be considered as holding under either Burlingame or the bank, it would be more proper to say that he holds under the latter than the former. But he does not hold under either. The title acquired under the sale following the assessment judgment was not subject to the asserted mortgage, but was superior and hostile thereto, and could not have been litigated in the action to foreclose the mortgage. (*Odell v. Wilson*, 63 Cal. 159, and cases there cited.) And the rights of the parties are not affected by the fact that at the commencement of the action to foreclose

the mortgage the bank filed a *lis pendens.* The *lis pendens* merely gave notice to certain persons that the action was pending; but the plaintiff herein was not a proper party to that action, and his title could not have been litigated or foreclosed thereby.

· The judgment and order appealed from are affirmed.

Temple, J., and Henshaw, J., concurred.