J. A. FITCHPATRICK, Appellant, v. WILLIAM E. BOTHERAS
AND WIFE and FRANK N. FOWLER, Treasurer of Story
County.

**Drainage:** ASSESSMENT OF PROPERTY: NOTICE TO LIENHOLDERS: STAT-
UTE: CONSTITUTIONALITY. A mortgagee takes his lien subject to
the right of the state or other municipal authority to impose taxes
or assessments upon the property, and he is not entitled to notice
of the proceedings: So that the section of the Code providing
for a special drainage assessment is not unconstitutional because
failing to require notice to a mortgagee of the time set for hear-
ing objections to the proceeding, although the assessment may im-
pair his security.

*Appeal from Story District Court.*—HON. C. E. ALBROOK,
Judge.

FRIDAY, MARCH 10, 1911.

ACTION in equity to foreclose a second mortgage on
certain described real property. The defendant Fowler, as
county treasurer, was made a party with the allegation that
a special assessment on the property for a drainage ditch
was invalid, and a part of the relief asked was that said
county treasurer be perpetually enjoined from enforcing
the collection of said special assessment. The county treas-
urer interposed a demurrer to the petition, which demurrer
was sustained. Whereupon judgment was entered against
plaintiff for costs, and plaintiff appeals.—*Affirmed.*

*Fitchpatrick & McCall,* for appellant.

*E. H. Addison* and *Burnham & Egermayer,* for ap-
pellees.

McCLAIN, J.—The validity of the special drainage assessment on, the mortgaged property is questioned by appellant on the ground that the statute does not provide for notice to mortgagees of the amount of such assessment apportioned to each tract and of the day set for hearing objections to such assessment. Code Supp., 1907, section 1989-a12. A prior section (1989-a3) requires notice to be served upon owners of land within the proposed drainage district and upon persons in actual occupancy of any such land and upon each lienholder or incumbrancer of any land through which or abutting upon which the proposed improvement extends as shown by the county records of the proceedings for establishing the district, and it is conceded that plaintiff as mortgagee was given the notice thus provided for; the mortgaged property abutting in fact upon the proposed improvement. But plaintiff had no notice of the assessment, and no opportunity therefore, as he contends, to file objections to the specific assessment upon the mortgaged property. For the appellee it is contended that failure of the statute to provide for any notice to mortgagees or other lienholders would not render it unconstitutional, and that the notice which was in fact provided for and given to appellant of the proceedings to establish the district was sufficient to charge him with notice of all subsequent proceedings.

Notwithstanding the averments of plaintiff's petition that the mortgagor is insolvent, so that the debt secured by plaintiff's second mortgage can not be satisfied as a personal obligation, and that the value of the property is such that, if the special assessment be enforced against it, appellant's second mortgage lien will be practically valueless, we think that appellant can not complain that under the drainage proceedings he is deprived of property without due process of law. It must be conceded of course that as to a property owner a statute is unconstitutional which provides for a levy of a special assessment upon his prop-

erty without some form of notice which will enable him to appear in the proceedings and question at the proper stage the propriety and fairness of the assessment. *Beebe v. Magoun,* 122 Iowa, 94; *Ross v. Board of Supervisors,* 128 Iowa, 427. But we have never held that mortgagees and other lienholders, or persons simply having such interest in the property that they may possibly be affected by the enforcement of a special assessment against it, are entitled to notice and an opportunity to be heard in such proceedings. The power to levy a special assessment for public improvements on the property directly benefited is a part of the general power of taxation. *Seattle v. Hill,* 14 Wash. 487 (45 Pac. 17, 35 L. R. A. 372), and notes; *Murphy v. Beard,* 138 Ind. 560 (38 N. E. 33); *Wabash E. R. Co. v. Commissioners of Drainage District,* 134 Ill. 384 (25 N. E. 781, 10 L. R. A. 285).

A mortgagee takes his lien subject to the rights of the state, or of any municipal authority to which the power is properly delegated, to impose on the property in accordance with law not only general taxes, but special assessments. He is not the owner of the property, but a lienholder merely, and the fact that incidentally the value of the lien may be impaired by the enforcement against the property of general or special taxes does not give him a constitutional right to be notified of the proceedings under which such taxes are imposed. The possible impairment of his lien does not amount in such cases to a taking of property without due process of law. *Provident Institution v. Jersey City,* 113 U. S. 506 (5 Sup. Ct. 612, 28 L. Ed. 1102); *Murphy v. Beard, supra.*

The Legislature might properly provide therefore, as it has done (in Code Supp., 1907, section 1989-a45), that the special assessment for drainage purposes when levied shall be a lien on the premises upon which it is assessed to the same extent and in the same manner as taxes levied for county and state purposes. See Code, section

1400. And although the mortgagee of the premises has not had notice of the proceedings, such an assessment takes priority over the lien of his mortgage. The statute so expressly provides, and it is conceded that a general tax lien has priority over the lien of a prior mortgage.

This question has often arisen in other states, and it seems to have been uniformly held that, if the statute provides for a superior lien as the result of special assessments, the mortgagee has no ground of complaint, although he is not by notice or otherwise made party to the proceedings in which the assessment is levied. *Dressman v. Simonin,* 104 Ky. 693 (47 S. W. 767); *Norwich v. Hubbard,* 22 Conn. 587; *People v. Weber,* 164 Ill. 412 (45 N. E. 723); *Wilson v. California Bank,* 121 Cal. 630 (54 Pac. 119); 1 Abbott, Municipal Corporations, section 639.

As the statute would have been valid therefore without any provision for notice to plaintiff as mortgagee, we have no occasion to determine whether the notice which was in fact given to him of the proceedings to establish the drainage district, so that he might join in the special proceedings for the assessment of damages to the land from the taking of a portion thereof for the construction of the ditch across or over such land, was sufficient to charge him with notice of the subsequent proceedings for the levying of the special assessment.

The judgment of the trial court is *affirmed.*