CASE 89—EQUITY—NOVEMBER 16.

# Dressman v. Simonin, Etc.

### APPEAL FROM KENTON CIRCUIT COURT.

1. LIENS—PRIORITY—SEWER ASSESSMENTS—MORTGAGES.—A mort-
gagee of realty in a city takes his lien subject to the power of
the city to make ordinances creating liens upon property abut-
ting on the streets for the construction of sewers; and such a
mortgage lien is inferior to that existing in favor of a contractor
for the construction of sewers under a valid ordinance for that
purpose. (Dressman v. Farmers' & Traders' National Bank,
&c., 100 Ky., 571.)

2. PRACTICE—ERRORS REVIEWABLE IN ABSENCE OF CROSS APPEAL.—
In the absence of a cross appeal the appellees can not question
the validity of the ordinance under which the appellant asserts
his title to a contractor's lien for sewer construction.

D. A. GLENN FOR APPELLANT.

The questions in this case are concluded by the decision of
this court in Dressman v. Farmers, &c., Bank, 100 Ky., 571.

SIMMONS & SIMMONS FOR APPELLEES.

1. This court has no jurisdiction of the appeal.
2. Dressman is entitled to no lien because: (1) His pleadings do ·
not sustain his proceeding in this way. (2) The ordinance is
fatally defective in not naming the owners of this lot. (3) Said
ordinance was repealed.
3. Even if he has a lien it comes into existence only with the ordin-
ance ordering the improvement and is inferior to that of the
appellees.
    Citations:  1 Am. & Eng. Enc. of Law, 619-620;  Town of Elgin
v. Marshall, 106 U. S., 578;  Centreville v. Drake, 58 Iowa, 564;
Montgomery v. Bates (Sept., 97);  Board of Trustees of Leb-
anon v. Avritt, &c., 15 Ky. Law Rep., 494;  Charter City of Cov-
ington, Harrison edition, p. 11;  Act of March 2, 1850;  Dressman
v. F. & T. Bank, 100 Ky., 57;  18 Ky. Law Rep., 1013;  Acts of
1883, 1884, vol. 2, p. 448;  Acts of March 6, 1876, sec. 4;  Acts·

1889-90, vol. 1, p. 812; Ky. Stat., sec. 464; Brannin v. Gleason, 14 Ky. Law Rep., 109.

ROBERT C. SIMMONS FOR APPELLEES IN PETITION FOR REHEARING.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

The appellees, being lienholders, by mortgage, on certain property in the city of Covington, instituted an action for foreclosure, and subsequently made appellant a party, alleging that he claimed a lien of some kind on the same property, and asked that he assert same. Appellant filed answer and cross petition, asserting a lien for certain local improvements made in building a sewer; and, upon trial had, this claim was allowed, and he was adjudged a lien for $84. A sale of the property was adjudged to satisfy all the liens, but the judgment adjudges that the mortgage liens are superior to appellant's lien for improvement, and from that part of the judgment only this appeal is taken. So the only question presented is as to priority. The correctness of the judgment for the improvement, or any question as to the regularity or validity of the ordinances under which it was made, is not before us on the appeal, and there is no cross appeal. Appellees filed grounds, and moved to dismiss the appeal for want of jurisdiction; but that motion was overruled, and the case was submitted on the merits.

We are of opinion that the opinion in the case of Dressman v. Farmers' and Traders' Bank, decided February 3, 1897, 18 Ky. Law Rep., 1013 [38 S. W., 1052], is decisive of this case. The court there says: "We hold in this case that appellee took the mortgage on the lots in question subject to the power of the city to require said lots to bear their proportion of the expense of constructing the streets on which they fronted,

and that appellant was entitled to have his claim for such construction paid first out of the proceeds of the sale of' such lots." Appellees insist that as the improvement in this case was a sewer, and not a street, the case *supra* has no application. We fail to see any distinctive difference. Both are public improvements made under the same authority, and of course are governed by the same rules. For the reasons given in the case of Dressman v. Bank, *supra*, the judgment is reversed, and cause remanded, with directions to adjudge appellant priority of his lien, and for proceedings consistent herewith.