## KIRBY V. WATERMAN *et al.*

1. Deeds executed by a city for the nonpayment of assessments for local improvements convey title superior to an existing mortgage on the property.

2. The law of 1890 being simply a revision of the law defining the powers and duties of cities relating to making local improvements and levying special assessments therefor, constituting Comp. Laws 1887, §§ 959-999, which declared that assessments should be a lien on the property, a mortgage on city property executed subsequent to 1887, and before the law of 1890, was not affected by such later act.

3. Laws ·1890, p. 98, c. 37, art. 16, § 32, prescribes the forms of a deed conveying land for the nonpayment of special assessments, and concludes as follows: "In testimony, whereof the city treasurer   *   *   *   has hereunto set his hand and seal," etc. Section 34, p. 99, provides that the deed shall be executed under the "hand" of the city treasurer, attested by the city auditor under the seal of the city. Held, that the omission of the seal to the signature of the city treasurer constitutes no defect in the deed.

4. Since the law of 1890 relating to special assessments for local improvements, and providing for the sale of land for the nonpayment of assessments levied thereon, makes no provision for the giving of notice to the person in whose name the land is assessed that a deed thereof will be demanded, and since Laws 1891, p. 68, c. 14, ¿ 121, requiring the holder of a tax certificate ·to give notice before obtaining a tax deed, is not applicable to the sale of land for the nonpayment of special assessments, a deed by a city for the nonpayment of assessments is valid, without the giving of any notice that a deed will be demanded.

5. The execution of a deed by a city, conveying land for the nonpayment of special assessments, is prima facie evidence of the giving of notice to the person in whose name the land was assessed that a deed would be demanded, if any such notice were required.

(Opinion filed July 22, 1903.)

Appeal from circuit court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by Ella Kirby against E. L. Waterman and others. From a judgment for plaintiff, defendant Waterman appeals. Affirmed.

*Davis, Lyon & Gates,* for appellant.

*Joe Kirby,* for respondent.

CORSON, J.    This is an action to quiet title to a certain city lot in the city of Sioux Falls, to which the plaintiff claims title by virtue of two certain city deeds executed for street assessments, and a county treasurer's deed for taxes levied for county and state purposes.    Findings and judgment were in favor of the plaintiff, and the defendant, Waterman, appeals. The findings of the court are, in substance, as follows: That in February, 1889, one Peter Ferguson, then the owner of the lot, mortgaged the same for $575, which mortgage was duly recorded; that afterwards the mortgage was assigned to the defendant, Waterman, who is the present owner thereof; that on December 5, 1892, the property was legally sold by the city treasurer of Sioux Falls for the nonpayment of an assessment for local improvements made August 16, 1892, and also for an assessment for local improvements made August 25, 1892, and that certificates of purchase were duly issued and deeds duly executed for the same on December 11, 1894, and that said deeds were duly recorded; that for more than three years last past the plaintiff has been in the open and notorious possession of the said property, claiming title thereto under said tax deeds; that the plaintiff is the absolute owner in fee simple of said property; that the lien of the said mortgage of defendant Waterman has been extinguished by reason of said tax deeds; and that the defendants have no interest in the said

property.   The court concluded that the plaintiff is the absolute owner in fee simple of said property; that the defendants have no right, title, or lien therein; and that the said mortgage of the defendant, Waterman, is extinguished and of no validity as against the plaintiff.

Defendant Waterman requested the court to make certain findings, and to make the following conclusion of law, among others: That the mortgage now owned by the said Waterman is a valid and subsisting lien upon the said premises, and paramount and superior to the claim of the plaintiff. The findings and conclusions requested were denied by the court, and the ruling deyning the same is assigned as error.   The appellant contends that as his mortgage was executed in 1889, and the respondent's deeds executed for special assessments for improvements made in 1892, under a law that had no existence until 1890, the lien of the appellant's mortgage was superior and paramount to the title acquired by respondent under her two city deeds.   Respondent insists, however, that the title conveyed by the two city deeds was superior and paramount to the lien of the mortgage.   She also insists that the debt for which the mortgage was executed was barred by the statute of limitations, and that the lien of the mortgage was also barred, and hence, assuming that plaintiff's mortgage at the time the two city deeds were executed constituted a superior and paramount lien at the time this action was commenced, it had ceased to constitute such lien by reason of its being so barred by the statute.   We are of the opinion that the appellant's contention cannot be sustained, and that the respondent is right in insisting that the title conveyed by the two deeds was superior and paramount to the lien of the plaintiff's mortgage,

even assuming, for the purpose of this decision, without deciding, that the defendant's mortgage was not barred by the statute of limitations, and was a valid and subsisting mortgage, at the time of the commencement of the action. A party who loans money upon city property, secured by mortgage, takes the security subject to the right of the city to improve its streets and alleys, and to levy special assessments thereon, and enforce the collection by a sale of the property. It is uniformly held by the courts that a party loaning money upon real property, and taking a mortgage as security therefor, takes the same subject to the rights of the state, county, and municipality to levy taxes thereon for the support of the same: and we see no reason why the same rule should not apply to assessments made for street improvements, where a mortgage is taken upon the property, though executed before the improvements were made or ordered. It is too well settled to require the citation of authorities that the property of one purchased before the ordering and making of street improvements is subject to an assessment for such improvements, and a mortgagee can occupy no better position than the owner of the property. No case has been called to our attention supporting the views of the appellant, and we think none can be found.

It is contended by the appellant that the law laid down in the case of Miller v. Anderson, 1 S. D. 539, 47 N. W. 957, 11 L. R. A. 317, should be applied to the case at bar, but we are of the opinion that the rule established in that case has no application to the case now before us.

The appellant further contends that, by reason of the fact that his mortgage was executed prior to the passage of the law

of 1890, his rights cannot be affected by the provisions of that law, but this contention is untenable. The act of 1890 is simply a revision of the law defining the powers and duties of the cities relating to making improvements and levying special assessments enacted in 1887, and constituting sections 950 to 999, inclusive, of the Compiled Laws of 1887. Section 979, after prescribing the duties of the city officers relating to such assessments, declares, "Said assessments so made and returned if approved by the council shall be a lien upon said lots and parcels of land on and after such approval." At the time, therefore, the appellant's mortgage was executed, the city was given a lien upon all property for improvements ordered made by the city, and the law of 1890 made similar provisions. The law of 1890, having imposed no new obligations upon parties holding mortgages upon such property, did not change the rights of the appellant.

It is further contended by the appellant that the deeds made by the city were void upon their face, for the reason that the city treasurer did not affix thereto his official seal; and in support of this contention he calls our attention to section 32, art. 16, c. 37, p. 98, of the Laws of 1890. The form of the deed therein prescribed concludes as follows: "In testimony whereof the city treasurer of the city of ——— has hereunto set his hand and seal on the day and year aforesaid." There would be merit in the appellant's contention were it not for the provisions of section 34 of the same article (page 99), which reads as follows: "The treasurer shall issue to the owner thereof a deed in the name of the city as provided in section 32 of this article which deed shall be executed under his hand and the execution shall be attested by the city auditor under the seal of

the city and such deed shall vest in the grantee an absolute estate in fee simple in such land, subject, however, to all claims which the state, county or city may have thereon for taxes and shall be presumptive evidence of the facts therein recited and prima facie evidence of the regularity of all the proceedings." While there is apparently a conflict between the form of the deed as given in section 32 and the manner of executing the same prescribed by section 34, we are of the opinion that the latter section must control, it being the latest expression of the legislative will. Mr. Sutherland, in his work on Statutory Construction, in speaking on this subject, says: "If a conflict exists between two statutes or provisions, the earlier in enactment or position is repealed by the latter. * *. * Where there is an irreconcilable conflict between different sections or parts of the same statute, the last words stand, and those which are in conflict with them, so far as there is a conflict, are repealed; that is, the part of the statute later in position in the same act or section is deemed later in time and prevails over repugnant parts occurring before, though enacted and to take effect at the same time." Sutherland on Statutory Construction, § 160. It will be noticed that by section 34 of article 16, above referred to, the deed is to be executed under the hand of the treasurer and to be attested by the city auditor under the seal of the city. The omission of the seal, therefore, to the signature of the treasurer constitutes no defect in the execution of the deeds as they are attested by the city auditor under the seal of the city as provided in section 34.

Appellant further contends that the court erred in not making the findings and conclusions of law presented by the appellant, but, in the view we take of the case, the court was

clearly right in refusing to make the findings and conclusions requested.

The learned counsel for the appellant further contends that it does not affirmatively appear that the notice was given that deeds would be demanded prior to the execution of the same as provided by section 121, c. 14, p. 68, Laws 1891. There appears to be no provision in the law of 1890 for giving such notice before taking out the deed as is provided in the section above referred to, and that section seems to apply only to deeds executed by the county treasurer. It will be noticed that the term "taxes" is used in the section, but there is in terms no reference to delinquent assessments for city improvements. This court would not be justified, therefore, in holding that the law requiring such notice under the general taxation law applies to deeds executed for delinquent city assessments. The legislature having provided the method for assessing and collecting assessments for city improvements, the deed to be executed therefor, and the effect of such deed, presumptively has provided all the safeguards it intended for the protection of the owners of property; and if, therefore, the law is defective, the Legislature alone can provide the remedy. There may be, and probably is, the same reason for requiring notice to be given to the owner or occupant of city property that a deed for delinquent city assessments will be demanded if the property is not redeemed within the time specified, that is required in the case of sale by the county, but that is a question entirely within the discretion of the Legislature. If, however, such a notice was required, the execution of the deed is prima facie evidence that the same was given, and there being no evidence in the record showing that it was not given, the contention of the appellant cannot be sustained.

The appellant, in his brief, discusses at considerable length the validity of the county tax deed; but as the court made no finding as to that deed, and based its decision entirely upon the city tax deeds, it will not be necessary to further consider the county treasurer's deed. The city assessment deeds being valid, the court was clearly right in holding plaintiff's title thereunder superior and paramount to the lien of the defendant's mortgage.

The judgment of the court below and order denying a new trial are affirmed.