## BALDWIN *v.* MORONEY, TREASURER, ET AL.

[No. 21,323.   Filed March 9, 1910.]

1. CONSTITUTIONAL LAW.—*Drains.*—*Making Assessments for, Superior to Mortgages.*—*Taxation.*—The enactment of statutes providing for the construction of drains and making the liens for the cost thereof superior to existing mortgages, is an exercise of the sovereign power of taxation.   p. 577.

2. CONSTITUTIONAL LAW.—*Drains.*—*Assessment Liens.*—*Priority.*— The legislature has the power to declare assessment liens for the construction of drains paramount to preëxisting liens. *State, ex rel.,* v. *Loveless,* 133 Ind. 600, *Pierce* v. *Aetna Life Ins. Co.,* 131 Ind. 284, *State, ex rel.,* v. *Aetna Life Ins. Co.,* 117 Ind. 251, *Cook* v. *State, ex rel.,* 101 Ind. 446, distinguished.   p. 578.

3. DRAINS.—*Notice.*—*Who Entitled to.*—*Mortgagees.*—Under §5692 Burns 1901, Acts 1891, p. 455, requiring drainage viewers in their report to give the names of the owners of the land benefited or damaged, as they appear on the tax duplicate, mortgagees who are not in possession of the mortgaged premises are not entitled to notice of a drainage proceeding, the mortgagors being deemed the owners so long as they retain possession.   pp. 580, 583.

4. DRAINS.— *Notice.*— *Essentials of.*— *Legislative Questions.*— Where notice is necessary in a drainage proceeding, the legislature may prescribe the essentials thereof, as well as the manner of service.   p. 581.

5. DRAINS.—*Petitions.*—*Owners.*—*Notice.*—Where a statute provides that a drainage petition shall describe the land affected as belonging to the person as shown by the "tax duplicate or record of transfers," it is sufficient to notify the person named in the petition and whose name appears on the last tax duplicate.   p. 581.

6. DRAINS.—*Parties.*—*Persons Not of Record.*—Persons claiming title to lands, though their title is not of record, may, by the petitioners, or upon their own petition, be made parties to a drainage proceeding.   p. 582.

7. HIGHWAYS.— *Parties.*— *Occupants.*—*Owners.*—A highway petition making the occupant of land a party thereto need not also make the owner a party.   p. 582.

8. MORTGAGES.—*Liens.*—*Ownership.*—A mortgagee has no title but merely an incumbrance or lien upon the lands mortgaged, and is

not entitled to possession unless a specific provision therefor is made. p. 582.

9. CONSTITUTIONAL LAW.—*Impairing Contracts.—Making Drainage Assessments Superior to Mortgages.*—A statute making a drainage assessment superior to a preëxisting mortgage does not impair the obligation of the mortgage contract. p. 583.

10. APPEAL.—*Cross-Errors.—When Not Considered.*—Where appellee assigns cross-errors, but asks for an affirmance of the judgment, the Supreme Court on overruling appellant's assignments, will not decide such cross-errors. p. 584.

11. APPEAL.—*Affirmance.—Death.*—Where appellant died before the affirmance of the judment appealed from, the judgment will be affirmed as of the date of submission. p. 584.

From Cass Circuit Court; *John S. Lairy,* Judge.

Suit by Daniel P. Baldwin against Matthew Moroney, as treasurer of Cass county, and others. From a decree for defendants, plaintiff appeals. *Affirmed.*

*George A. Gamble* and *McConnell, Jenkines, Jenkines & Stuart,* for appellant.

*Quincy A. Myers, Charles E. Yarlott* and *Benjamin F. Long,* for appellees.

MONKS, J.—Suit by appellant against appellees for strict foreclosure of certain mortgages, and praying that they be forever barred and enjoined from asserting any lien on the real estate described in said mortgages, for a ditch assessment against the same under the ditch law approved March 7, 1891 (Acts 1891, p. 455, §§5690-5717 Burns 1901).

After issues were formed the case was tried by the court, a special finding of facts was made and conclusions of law stated thereon in favor of appellees that said ditch tax was a prior and paramount lien to the lien of said mortgages, and a decree was entered against appellant.

It appears from the special findings that a proceeding was commenced before the Board of Commissioners of the County of Cass in 1893, under the drainage law approved March 7, 1891, known as the ''five mile drainage law'' (§§5690-5717, *supra*). Such proceedings were had that said drain was es-

tablished by said board of commissioners in all respects as
provided in said act, and the same was constructed pursuant
to and in conformity with said proceedings and as required
by said act.  Before the enactment of said "five-mile drain-
age law," and before said ditch proceedings were com-
menced, appellant was the owner of two mortgages executed
by one Hale and his wife on certain real estate in said Cass
county, owned by said Hale, to secure his promissory notes
calling for $7,500.  The real estate described in said mort-
gages was assessed with benefits for the construction of said
ditch.  All the owners of the lots and parcels of land af-
fected by said proposed drain were notified of said proceed-
ings in all respects as required by said drainage law.  No
summons or other process was served on appellant notifying
him of such proceedings, nor was he named as a party
thereto, but his mortgagor Hale, who was then in possession
of the mortgaged premises as owner thereof, after he was
served with notice of said proceedings and before the day
fixed for the hearing of said petition and report, personally
notified appellant of the pendency of said ditch proceeding
and that said real estate was assessed with benefits.  Said
appellant was at that time and ever since has been a resident
of said Cass county, and at all times since said notice was
given to him by said Hale has had actual notice and knowl-
edge of said proceedings and of the assessment of benefits
against said land.

Bonds were sold on the strength of said assessment made
for the purpose of paying for the construction of said drain,
and the same was finally constructed.  Afterwards, to wit,
in March, 1905, a judgment and decree of forclosure of said
mortgages in favor of appellant was rendered against said
Hale and wife, and on June 7, 1905, appellant purchased
said land at sheriff's sale under said decree, and on the ex-
piration of one year from said day of sale received a sheriff's
deed therefor.  Afterwards this suit was brought by appel-

lant for a strict foreclosure of said mortgages against appellees.

Appellant insists that "as said act of 1891 provides that assessments upon real estate made to pay for the construction of a ditch or drain shall be a first and paramount lien upon the real estate assessed, and does not provide in any manner for notice of any kind to be given to the holders and owners of mortgages in existence and of record at the time such ditch law went into force, it is unconstitutional and void, because in conflict with article 1, §24, of the Constitution of Indiana, and with article 14, §1, of the Constitution of the United States, which provide that no person shall be deprived of his property without due process of law, and because such statute, as applied to mortgage contracts executed and of record prior to its enactment, impairs the obligation of such mortgage contract, and denies to the owner of such mortgage contract due process of law."

Appellant also insists that "laws enacted by the legislature for such public improvements as the construction of public highways or drains are not an exercise of the
1. power of taxation." As to the last contention, it has been held by many courts of last resort that the legislature, in enacting such laws, exercises the sovereign power of taxation. 2 Cooley, Taxation (3d ed.), 1181-1183; *Fallbrook Irrigation Dist.* v. *Bradley* (1896), 164 U. S. 112, 176-178, 17 Sup. Ct. 56, 41 L. Ed. 369, and cases cited; *French* v. *Barber Asphalt Pav. Co.* (1901), 181 U. S. 324, 21 Sup. Ct. 625, 45 L. Ed. 879, and cases cited; *Voris* v. *Pittsburg Plate Glass Co.* (1904), 163 Ind. 599, 606-609, and cases cited; *State, ex rel.,* v. *Board, etc.* (1908), 170 Ind. 595, 604, 605, 609-617, and cases cited; *State, ex rel.,* v. *Fox* (1902), 158 Ind. 126, 135, 136, 56 L. R. A. 893.

Section three of said act of 1891 (§5692, *supra*) requires that the viewers shall "make and return a schedule of all the lots and lands and public or corporate roads or railroads

that will be benefited or damaged by the improvement, and the damage or benefit to each tract of forty acres or less," and that they shall show the "name of the owner of each lot or tract of land, as the same appears upon the tax duplicate at the time."

Section four of said act of 1891 (§5693, *supra*) provides that after the filing of the report of said viewers the auditor shall immediately fix a day for the hearing of the same, and issue summons "to be served upon the owners, or owner or agent or tenant of such owner of any lot or parcel of land affected by the proposed improvement."

Sections four, five, six and seven of said act of 1891 (§§5693-5696, *supra*) make provision for notice and a hearing before the board of commissioners and an appeal to the circuit court as to the amount of benefits and damages assessed. Under section twelve of said act (§5701, *supra*) the benefits assessed against the real estate in the taxing district are placed upon a special tax duplicate, and are "a first and paramount lien upon the real property assessed in the same manner and form as other taxes."

It is within the power of the legislature to declare that an assessment lien for the construction of a public drain or the improvement of a public highway shall have priority 2. over other liens. Such liens may be given priority over preëxisting mortgages, as is done by the drainage law of 1891, *supra*. *State, ex rel.*, v. *Aetna Life Ins. Co.* (1889), 117 Ind. 251; *City of Bloomington* v. *Phelps* (1898), 149 Ind. 596, 601; *Murphy* v. *Beard* (1894), 138 Ind. 560, and cases cited; *O'Brien* v. *Bradley* (1902), 28 Ind. App. 487, 493; *Morey* v. *City of Duluth* (1899), 75 Minn. 221, 77 N. W. 829; *Chase* v. *Trout* (1905), 146 Cal. 350, 80 Pac. 81; *German Sav., etc., Society* v. *Ramish* (1902), 138 Cal. 120, 69 Pac. 89, 70 Pac. 1067; *Hand* v. *Startup* (1884), 38 N. J. Eq. 115; *City of Richmond* v. *Williams* (1904), 102 Va. 733, 47 S. E. 844; *Wabash, etc., R. Co.* v. *Commissioners, etc.* (1890), 134 Ill. 384, 25 N. E. 781, 10 L. R. A. 285; *City*

*of Seattle* v. *Hill* (1896), 14 Wash. 487, 45 Pac. 17, 35 L. R.
A. 372 and note; *Kirby* v. *Waterman* (1903), 17 S. Dak.
314, 96 N. W. 129; *Doremus* v. *Cameron* (1891), 49 N. J.
Eq. 1, 22 Atl. 802; *Weinreich* v. *Hensley* (1898), 121 Cal.
647, 54 Pac. 254; *Dressman* v. *Farmers, etc., Bank* (1897),
100 Ky. 571, 38 S. W. 1052, 36 L. R. A. 121; *Dressman* v.
*Simonin* (1898), 104 Ky. 693, 47 S. W. 767; 2 Page & Jones,
Taxation by Assessment, §1068; Elliott, Roads and Sts. (2d
ed.), §599; 2 Cooley, Taxation (3d ed.), 865 *et seq.;* 27
Cyc., 1176, 1177, and cases cited; Hamilton, Special Assess-
ments, §708; 25 Am. and Eng. Ency. Law (2d ed.), 1236,
1237, and notes. It is said in Elliott, Roads and Sts. (2d
ed.), §599: "Every one who acquires an interest in land
takes it subject to the right of the sovereign to lay general
taxes upon it and to impose upon it the burden of paying
the expenses of public improvements which confer upon the
land a special benefit. *   *   *   Statutes giving a lien are
remedial, and therefore to be liberally construed, and so
construed as to accomplish the legislative purpose. In
creating liens for improvement assessments the legislature
makes secure compensation for what is in truth an industrial
annexation to the land, for the road or street improved is in
a sense an appurtenance of the land which increases its
value. Whoever holds an interest in the land profits by the
appurtenance, and ought, in justice, to be subjected to the
lien which secures the assessment. It is, for these reasons,
often proper to deduce from the general language of the
statute giving a lien the conclusion that it gives a paramount
lien to which mortgage estates or judgment liens must
yield."

As the drainage act of 1891, *supra,* provided that the as-
sessment against the lands for the construction of the pro-
posed drain should be "a first and paramount lien upon the
real estate assessed in the same manner and form as other
taxes," the cases of *State, ex rel.,* v. *Loveless* (1893), 133
Ind. 600, *Pierce* v. *Aetna Life Ins. Co.* (1892), 131 Ind. 284,

*State, ex rel.,* v. *Aetna Life Ins. Co., supra,* and *Cook* v. *State, ex rel.* (1885), 101 Ind. 446, in which it is held that the prior mortgage is superior to the lien of the assessment, are not in point here, because they were decided under a statute which failed to provide that the assessment should be a first and paramount lien. What is said in the cases named as to the necessity of a provision for notice to the mortgagee was unnecessary to the decision of said cases, and was *obiter dicta.*

It is expressly provided in the laws concerning taxation that "in cases of mortgaged real estate the mortgagor shall, for the purpose of taxation be deemed the owner until the mortgagee shall have taken possession of the mortgaged premises, after which the mortgagee shall be deemed the owner." §10176 Burns 1908, Acts 1891, p. 199, §28. The statute requires also that real property shall be assessed to the owner if known; if not, then to the occupant, if any; and if there be no occupant, then as unknown. §§10170, 10189 Burns 1908, Acts 1891, p. 199, §§21, 40.

The laws of this State concerning the assessment of property for general taxation and the levying and collecting of general taxes thereon make provision for notice to the owner thereof (§§10255, 10265 Burns 1908, Acts 1891, p. 199, §§94, 103), and give him the right to a hearing (§10279 Burns 1908, Acts 1891, p. 199, §114), but make no provision for notice to a mortgagee, or for giving him a hearing. If, however, the mortgagee has taken possession of the mortgaged premises under the provisions of the mortgage, he "is deemed the owner," and said law provides for notice to and a hearing for him as owner.

As lands in this State are not entered on the tax duplicate in the name of the mortgagee, or assessed or taxed in his name, but in the name of "the owner, if known; if not, then to the occupant, if any; and if there be no occupant, then as unknown" (§10170, *supra*), it is evident from the provisions of §5692 Burns 1901, Acts 1891, p. 455, requiring the view-

ers to show in their report the name of the owner of the land benefited or damaged, as the same appears on the tax duplicate at the time, that it was the legislative intent that notice should be given, not to the mere mortgagee, but to the person owning the land as shown by the tax duplicate at the time.

In none of the laws of this State providing for the improvement of public highways or for public drains passed by the legislature in the exercise of the sovereign power of taxation is there any provision for notice to a mere mortgagee. It is evident that the provisions for notice and hearing as to the benefits and damages and the amounts of the assessments in the act of 1891 are substantially the same as those customarily followed in this State in proceedings for the assessment and collection of general taxes, and in proceedings under other statutes for the construction of drains and the improvement of public highways.

In case notice is necessary, the legislature may provide what notice shall be given and the manner in which it must be given. *Carr* v. *State, ex rel.* (1885), 103 Ind. 548; *Killian* v. *Andrews* (1892), 130 Ind. 579, 582; *Porter* v.

4.  *Stout* (1880), 73 Ind. 3, 9; *Klein* v. *Tuhey* (1895), 13 Ind. App. 74, 76, and cases cited; *Kizer* v. *Town of Winchester* (1895), 141 Ind. 694, 696; *Indianapolis, etc., Gravel Road Co.* v. *State, ex rel.* (1886), 105 Ind. 37; *Swain* v. *Fulmer* (1893), 135 Ind. 8, 12; Elliott, Roads and Sts. (2d ed.), §199.

It is held in this State that when the statute requires the land to be described in the petition as belonging to the person who appears to be the owner, as shown by the

5.  "tax duplicate or record of transfers," it is sufficient to serve notice of the assessment on the person named in the petition and on the last tax duplicate. *Carr* v. *State, ex rel., supra; Kepler* v. *Wright* (1893), 136 Ind. 77; *Reed* v. *Kalfsbeck* (1897), 147 Ind. 148; *Poundstone* v. *Baldwin* (1896), 145 Ind. 139, 143, 144.

In *Bell* v. *Cox* (1890), 122 Ind. 153, it is held that persons who have no title of record need not, under the statute, be made defendants to a drainage petition, but if they have an interest in the land affected they may come in and defend.

Under a statute which provides that the petition for the location, vacation or change of a highway shall set forth the names of the owners, occupants or agents of the lands affected, it is not necessary to make the owner a party, if the occupant or agent is named and made a party. *Porter* v. *Stout, supra; Ryder* v. *Horsting* (1891), 130 Ind. 104, 16 L. R. A. 186.

In this State the mortgagee has no title to the lands mortgaged, but has merely an encumbrance or lien thereon, and has no right to convey said real estate. §1135 Burns 1908, §1088 R. S. 1881. The mortgagee is not entitled to possession of the mortgaged premises, unless the mortgage specially provides that he shall have possession thereof. §1133 Burns 1908, §1086 R. S. 1881; *Jewett* v. *Tomlinson* (1894), 137 Ind. 326. The title remains in the mortgagor, the mortgage being a mere security for the debt. *Grable* v. *McCulloh* (1867), 27 Ind. 472; *Reasoner* v. *Edmundson* (1854), 5 Ind. 393; *Francis* v. *Porter* (1855), 7 Ind. 213; *Morton* v. *Noble* (1864), 22 Ind. 160; *Fletcher* v. *Holmes* (1870), 32 Ind. 497; *Lowe* v. *Turpie* (1897), 147 Ind. 652, 676, 677, 37 L. R. A. 233, and cases cited; *Aetna Life Ins. Co.* v. *Broeker* (1906), 166 Ind. 576, 578. See, also, *City of Norwich* v. *Hubbard* (1853), 22 Conn. 587, 594; *Great Falls Co.* v. *Worster* (1844), 15 N. H. 412, 434; *Glover* v. *United States* (1896), 164 U. S. 294, 17 Sup. Ct. 95, 41 L. Ed. 440. The case of *State, ex rel.*, v. *Smith* (1902), 158 Ind. 543, 552, 63 L. R. A. 116, cited by appellant, approves the rule, but states exceptions thereto. The case before us however falls within the rule and not within any exception.

It has been correctly held that a provision for service of notice on the owner of land to be affected by the drain does

not authorize service on mortgagees, that mortgagees
3.   do not come within such description of the persons en-
    titled to notice, that the mortgagee is not the owner
of the land mortgaged, any more than any other lien holder,
and that he has no such interest in the land as makes notice
to him necessary. *Kinnie* v. *Bare* (1890), 80 Mich. 345, 45
N. W. 345; *City of Richmond* v. *Williams* (1904), 102 Va.
733, 47 S. E. 844, and cases cited; *Ahern* v. *Board, etc.*
(1901), 69 Ark. 68, 74, 61 S. W. 575.   See, also, *City of Nor-
wich* v. *Hubbard, supra; Schumacker* v. *Toberman* (1880),
56 Cal. 508; *People* v. *Weber* (1897), 164 Ill. 412, 45 N. E.
723; *Cornell* v. *Conine-Eaton Lumber Co.* (1897), 9 Colo.
App. 225, 47 Pa. 912.

In the case of *City of Richmond* v. *Williams, supra,* ap-
pellees in 1889 took a mortgage on certain real estate.   In
1892 the General Assembly of Virginia passed an act by
which the corporate limits of the city of Richmond were ex-
tended so as to include the property on which appellees held
the mortgage.   Later the property was assessed for street
improvements.   The assessment was made under an act
which extended the corporate limits of the city of Richmond.
The decision of the case turned on the question as to whether
appellees were owners within the meaning of the act before
referred to, and as such entitled to notice and an oppor-
tunity to be heard.   The court held that trust creditors are
not owners within the meaning of the act, and that neither
the city charter, nor any other law, required that notice
should be given to them, and that the lien of the city for im-
provements made was paramount to their prior deed of trust.

The drainage act of 1891, *supra,* does not impair the obli-
gation of appellant's mortgages, although enacted after said
    mortgages were executed, for the reason that said
9.   mortgaged real estate was subject to the taxing power
    as against the mortgagees and lien holders, as well as
against the owner.   This is true, as every one must admit,
in relation to general taxes, where the only return to the

taxpayer is the protection and security which the government gives him, and *a fortiori* should it be true in the case of special assessment where, in theory at least, an adequate and complete return for the money assessed is received in the enhanced value of the estate or property which he owns, or to which his lien attaches. *Wabash, etc., R. Co.* v. *Commissioners, etc., supra; City of Seattle* v. *Hill, supra; Dressman* v. *Farmers, etc., Bank, supra; Dressman* v. *Simonin, supra; Lybass* v. *Town of Ft. Myers* (1908), 56 Fla. 817, 47 South. 346; Elliott, Roads and Sts. (2d ed.), §599, and cases cited; 2 Elliott, Railroads (2d ed.), §789.

It is evident that said drainage act of 1891 is not open to the objections that it deprives appellant of his property without due process of law, or that it impairs the obligation of contracts.

What we have said disposes of the controlling questions in the case.

The appellees insist on an affirmation of the case, although they have assigned cross-errors. As appellees ask for an affirmation of the judgment, and the case can be affirmed by disposing of the errors assigned by appellant, the court will not decide the questions presented in the assignment of cross-errors. *Feder* v. *Field* (1889), 117 Ind. 386; *Thomas* v. *Simmons* (1885), 103 Ind. 538; *Kammerling* v. *Armington* (1877), 58 Ind. 384.

Appellant having died since the submission of this cause, the judgment is affirmed as of the date of submission, as provided in §705 Burns 1908, §663 R. S. 1881.

Myers, J., took no part in the decision of this cause.