STINSON et al. v. GODBE; City Treasurer.

No. 2668.    Decided July 19, 1915.    (150 Pac. 967.)

MANDAMUS—ENFORCEMENTS OF SPECIAL ASSESSMENT—STATUTES.
Comp. Laws 1907, section 258, requires that the total cost of improvements for paving shall be assessed as a special tax, and shall become delinquent in certain proportions each year. Section 282x6 provides that the city auditor, at the direction of the city council, shall issue warrants for the cost of paving, which shall be drawn on the treasurer. Section 282x8 provides that any special tax which shall not be paid before the date on which the first payment of the levy shall become delinquent shall be due in five or ten yearly installments, provided that one or more installments or the whole tax may be paid on the day any installment becomes due. A city ordinance provided that special taxes for paving should become delinquent in ten equal annual installments, and that one or more installments, or the whole of the warrant, might be paid on the day any installment became due. The ordinance provided that within ten days after delinquency, as fixed in the levy and notice of tax, the city treasurer should make up the list of all property upon which the tax remained due and unpaid, and cause the same to be published, and that on the day fixed for the sale the city treasurer should offer sufficient of the delinquent real estate to pay taxes and costs. *Held*, that the statutes and ordinance did not impose upon the city treasurer the power and duty to sell assessed property upon delinquency of an installment before the whole tax was due and delinquent with sufficient certainty to justify the direction of such action by the treasurer by *mandamus*.

Appeal from District Court, Third District; *F. C. Loofbourow*, Judge.

Mandamus by R. M. Stinson and Thomas Stockhausen, copartners doing business as R. M. Stinson & Co. against Frank Godbe, as City Treasurer of Salt Lake City.

Judgment for defendant.    Plaintiffs appeal.

AFFIRMED.

*Pierce, Critchlow & Barrette* for appellants.

*H. J. Dininny*, City Atty., and *Aaron Meyers* and *W. H. Folland*, Asst. City Attys., for respondent.

STRAUP, C. J.

Salt Lake City let a contract to pave a street. By the terms of the contract the city agreed to pay the paving of the intersections out of its general fund; the balance "in special coupon warrants drawn by the city auditor upon the city treasurer in the amounts as provided by law, payable out of the special fund raised by special assessment upon the property included in said tax levy." The contract further provided:

"That attached to each of said warrants and forming a part thereof shall be ten coupons, numbered 1 to 10, showing the date when each installment of the principal sum mentioned in the warrants is payable and the rate of interest before and after delinquency, which interest shall be 6 per cent. per annum from the date of the approval of the ordinance confirming the levy of such tax until the date the amount named in the said coupon shall become due and after delinquency in the payment of each of said installments as represented by said coupons until paid at the rate of 8 per cent. per annum. Said warrants shall also provide that one or more installments or the whole of said sum named in the warrant may be paid on the day any installment becomes due by paying the amount thereof and interest to the date of such payment. It is understood and agreed that said contractor shall accept such special tax coupon warrants in full payment for work done and materials furnished under the contract to the amount of the sum named in each of said warrants and interest as therein provided, and that the city shall not be held liable for the payment of the cost of the improvement mentioned in said special tax warrants or for the payment of any special tax warrants issued as aforesaid, or for the payment of any of the coupons attached thereto, except to the extent of the funds received by it under the levy and assessment for said improvement; but the city shall be responsible for faithful accounting, collection, and settlement and paying the money of said funds, and, when such accounting, collecting, settlement, and paying is faithfully performed, all further liability on the part of the city shall cease, and it is hereby understood that the city will exercise the authority conferred upon it by law to collect said assessments."

The paving was done in accordance with the contract. The attached warrants and coupons were sold by the contractor to the plaintiffs. The special tax was by the city levied and assessed against abutting properties payable in ten annual installments. The sixth installment of the assessment on particular property, amounting to $30, became delinquent and remained unpaid. The plaintiffs demanded payment of the defendant, the city treasurer, who answered that he had no funds with which to pay the warrant. The plaintiffs then demanded of the treasurer that he take proper steps to sell the property. He refused to do that. The district court was then invoked by mandamus to compel him to proceed to sell the property, or sufficient thereof to pay the delinquent installment. The court denied the writ. From that judgment the plaintiffs appeal.

The statute (Comp. Laws 1907, section 258) requires that the total cost of improvements for paving purposes shall be assessed and levied as a special tax upon the property benefited at one time, and shall become delinquent, one-tenth of the total amount, fifty days after the levy, one-tenth in one year, and one-tenth each year thereafter for eight years. It further provides that each installment, except the first, shall draw interest at 6 per cent. and, after delinquency, 8 per cent. per annum until paid. It also provides that "the total cost of the improvements shall become delinquent at such time and in such installments, or the entire sum at.one time, as the city council of such city may prescribe; but such entire sum shall not become delinquent in a less time than one year." Section 282x6 provides that the city auditor, at the direction of the city council, "shall issue coupon warrants in payment of the cost" of the paving, which "shall be drawn on the city treasurer and against the special tax funds," and which shall bear interest at the rate of six per cent. from .date of levy until date of delinquency, and eight per cent. per annum from delinquency until paid. Section 282x7. Section 282x8:

"Any special tax which shall not be paid before the date on which the first payment of said tax levy shall become delinquent, shall be due and payable only in five or ten yearly installments, with interest as fixed by ordinance: Provided,

that one or more installments, or the whole special tax, may be paid on the day any installment becomes due by paying the .amount thereof and interest to date of payment.''

The city by ordinance provided that special taxes for paving shall become delinquent in ten equal installments as follows:   One-tenth of the total cost one year after confirmation of the levy, and one-tenth each year thereafter for nine years, :and that the whole of the tax may be paid on the day any installment became due by paying the amount thereof with interest to date of payment; also that the special tax warrants ·shall bear interest at 6 per cent. per annum to date of delinquency and 8 per cent. per annum from delinquency until paid, and that one or more installments, or the whole of the warrant, may be paid on the day any installment became due by paying the amount thereof and interest to date of payment. There is nothing in the ordinance nor in the statute that upon failure to pay an installment the whole of the tax may be declared due and delinquent.   The ordinance, after providing for notice of intention of levy, notice of the assessment and special tax, and for special tax warrants, etc., provides that:

''Within ten days after the date of delinquency, as fixed in the levy and notice of tax, the city treasurer shall make up a list of all property upon which the special tax remains due and unpaid, and cause the same to be published,'' etc.

It further provides:

''On the day fixed for the sale, the city treasurer, in person or by deputy, shall appear at the hour and place named in the notice of sale, and shall there offer sufficient of the delinquent real estate to pay taxes and costs at public auction to the highest responsible bidder for cash.''

Other provisions are made by ordinance respecting costs, certificates of sale, tax sale records, redemption, tax deeds, etc.

It is not claimed that there is any authority upon delinquency of an installment to declare the whole of the tax due and delinquent.   What the appellants contend for is that, when any installment becomes delinquent and is unpaid, it is the duty of the treasurer to take steps. to sell the property, or sufficient thereof to pay such delinquent installment, and as each installment becomes due and delinquent and remains un-

paid to sell and resell the property, or sufficient thereof to pay the delinquent installments. That is denied by the defendant. He contends that he is not authorized to sell the property until the whole tax becomes delinquent and remains unpaid.

The tax is a special lien on the property. The holder of the warrant can only through the intervention of the city foreclose the lien, sell the property, and collect the tax. There is a clear power and duty conferred and imposed on the city and its treasurer at some time to do that. The serious question is: Is the power conferred and the duty imposed to sell upon delinquency of an installment and before the whole tax is due and delinquent? Because of the ordinance that "within ten days after date of delinquency as fixed in the levy and notice of tax the city treasurer shall make up a list of all property upon which the special tax remains due and unpaid and cause to be published," etc., the appellants argue that such delinquency clearly refers to any installment, and hence that it is the duty of the treasurer to sell whenever there is a delinquent and unpaid installment. When that provision of the ordinance alone is looked to there is considerable force to the contention; but when the whole ordinance relating to the levy and special tax, notices thereof, sale of the property, tax deeds, redemption, etc., is considered, the matter is not so clear. Before the court is justified by mandamus to direct the treasurer to sell on a delinquent and unpaid installment, such power and duty must be made to appear in express terms or by the clearest indubitable implication. They are not made to appear in express terms, either by the statute or the ordinance. Nor do we think them so clearly implied as to justify a direction in such respect by mandamus. If they were intended, such intent very readily could have been indicated. We think that has not been done, and that therefore the judgment should be affirmed with costs.

Such is the order.

McCARTY, J., concurs.

FRICK, J.

I concur.  At first blush I was of the opinion that the appellants should prevail.  After further consideration and reflection, and after a thorough and careful examination of the state statute and city ordinances, I am forced to the conclusion that the city, through its treasurer, does not possess the power to do what is demanded, and hence cannot be coerced by *mandamus* to comply with the demand.  It is now well settled, in this jurisdiction at least, that mandamus will not lie unless the duty to do the demanded thing is clearly imposed, upon the one hand, and the right to have the thing performed is equally clear, upon the other.  I entertain a very serious doubt, to say the least, of the city's right to enforce a separate delinquent installment of the special tax in question by advertisement and sale of the property upon which the tax is a lien. The law, I think, is clear that, where no special remedy is given to enforce a tax or a tax lien, general or special, the ordinary or usual remedies must be resorted to.  While in this case a special remedy is given to enforce the tax as a whole when it becomes delinquent, yet, as I read the law, no such special remedy is provided to enforce a separate delinquent installment.  Some force to this conclusion is found in the fact that so long as the tax is not delinquent it only bears 6 per cent. interest, while on becoming delinquent it bears 8 per cent. until paid.  The person holding a tax warrant is, therefore, in theory at least, compensated for the delay in payment by an increase in the rate of interest on his investment.  We have recently held (*Lannan* v. *Waltenspiel*, 45 Utah, 564, 147 Pac. 908) that special taxes in this jurisdiction constitute a first lien upon the property.  Special tax warrants, in the nature of things, are therefore abundantly secured.  While it, no doubt, would give a better and firmer basis to the city's credit if the installments were enforecable as they become delinquent, yet that is a matter which must be regulated by the legislative, and not by the judicial, branch of the government.

The judgment should therefore prevail.