Sunflower County, et al. *v.* Moorhead Drainage Dist.

Jan. 12, 1953

No. 38616 15 Adv. S. 4 62 So. 2d 214

*Neill, Clark & Townsend,* for appellants.

*Allen & Allen,* for appellee.

HALL, J.

On December 27, 1916, Sunflower County acquired by voluntary purchase a tract of approximately 480 acres of land which has since that time been and now is used as a county penal farm. The deed to the county provided that the conveyance was made ''subject to such drainage and other special assessments now a lien on

said land which are not yet due and payable'' and the payment of said assessments was assumed by the county.

On May 1, 1934, Sunflower Agricultural High School and Junior College acquired by voluntary purchase a tract of approximately 160 acres of land, and on August 27, 1940, it acquired another tract of approximately 117 acres of land, both of which tracts have continuously since said date been used by it for school purposes. The first deed provides that the land is conveyed ''subject to any assessments for drainage maintenance'' and the second deed provides that it is subject ''to any and all unpaid installments of drainage assessments.''

Appellee is a drainage district duly and legally organized under the laws of this State in 1912. At the time of the above purchases there was outstanding a drainage assessment against the said lands, and the county and school paid the taxes levied pursuant to said assessment until the assessment was fully exhausted and the bonds issued by the drainage district were fully paid off and discharged.

In 1950 the drainage district made a new and additional assessment upon the lands of the district, including those which had been acquired by the county and school, and issued $50,000 bonds for cleaning out the canals and drains of the district. This new assessment was duly approved and the bonds validated by decree of the chancery court. It is agreed between appellants and appellee that the lands of the county and school have been benefited by the cleaning-out project and have been made more useful and profitable thereby.

The county and school declined to pay the taxes levied pursuant to the drainage assessment for the year 1950 and upon application of appellee the board of supervisors refused to order a sale of said lands for collection of said taxes thereon.

Thereupon appellee brought suit in chancery seeking to compel the board of supervisors to enter an order for

sale of said lands for said delinquent taxes and seeking to compel the sheriff and tax collector of the county to either collect the taxes or to sell the lands aforesaid for nonpayment thereof. Answer was filed to the bill of complaint and the matter was heard by the chancellor on the pleadings and upon an agreed statement of facts which embodies the facts above stated and which further stipulates that the school does not own more than 600 acres of land. A decree was entered adjudging that the said lands are liable for payment of the drainage assessments made in 1950, directing the sheriff and tax collector to collect the same, and if the same be not promptly paid to so report to the board of supervisors, which board was ordered and directed to fix a date for sale of said lands for said taxes, whereupon the sheriff and tax collector was ordered to advertise and sell the same for nonpayment thereof. From that decree this appeal is prosecuted.

The sole question presented is whether the said lands of the county and school are liable for taxes levied to discharge the 1950 assessment. So far as we can ascertain from the briefs of counsel and from our own independent research the question is one of first impression, and it must be decided upon our statutes respecting drainage assessments, taxation to discharge the same, and exemptions from taxation.

It is argued by appellee that a drainage assessment is not a tax and it is pointed out that this Court so held in Huston v. Mayo, et al., Drainage Commissioners, 120 Miss. 523, 82 So. 334, which case was decided in 1919. Subsequent thereto, by Chapter 301, Laws of 1926, now Sections 4645-4648, Code of 1942, specific provision was made for the *levy of taxes* under the terms of any drainage law of this State and for the collection thereof and for sale for unpaid *drainage district taxes*. In Baldwin v. Moroney, 173 Ind. 574, 91 N. E. 3, 30 L. R. A. (N.S.) 761, 765, the Supreme Court of Indiana, in considering

the effect of assessments under drainage district laws, cites numerous authorities which support its conclusion that ". . . it has been held by many courts of last resort that the legislature, in enacting such laws, exercises the sovereign power of taxation."

Section 4627, Code of 1942, provides: "When a county farm owned by any county lies within any drainage district, and would be benefited thereby, the board of supervisors are authorized *in their discretion* to pay out of the general county fund the pro rata of tax for which such county lands should be taxed if owned by individuals." (Emphasis supplied.) Thereby it was left discretionary with the board of supervisors whether it would pay district drainage taxes upon a county farm. Here the board exercised its discretion against the payment of the taxes. Moreover, Section (b) of Chapter 234, Laws of 1946, (Section 9697, Supplement to Code of 1942) specifically exempts from taxation all property, real or personal, belonging to any county. Under these statutes it seems clear to us that the land of the county, used as a county farm, is not liable for the drainage district taxes sought to be collected by this proceeding.

Section (d) of Chapter 234, Laws of 1946, (Section 9697, Supplement to Code of 1942) specifically exempts from taxation all property, real or personal, belonging to any college or institution for the education of youths, used directly and exclusively for such purpose, not exceeding 640 acres of land. Under this statute we are of the opinion that the school is not liable for the drainage district taxes sought to be imposed upon it, nor do we think that the county and school lands are liable merely because the same are benefited by the drainage improvements.

Our views are fortified by the fact that under Section 4718, Code of 1942, all bonds and certificates of indebtedness issued by a drainage district are made a lien upon all lands and railroads "subject to taxation under this

article'' and by Section 4719, Code of 1942, all real estate ''subject to taxation in the district'' is pledged to the payment of the principal and interest of the bonds and other negotiable evidences of debt issued by the district. Since the lands of the county used as a county farm are not subject to taxation for drainage purposes except in the discretion of the board of supervisors, and since the lands of the school district used for school purposes are not subject to taxation, it follows that the decree of the lower court must be reversed and a decree will be here entered dismissing the bill of complaint.

Reversed and judgment here.

*McGehee, C. J.,* and *Holmes, Arrington* and *Ethridge, JJ.,* concur.