## BRIDEWELL v. MORTON, COLLECTOR.

1. TAXES: *Lien of on personal property.*
   The taxes assessed on personal property are a lien on the property which follows it into whosesoever hands it may be found, without regard to the ownership when assessed, or when seized for sale. But the taxes of each class of personal property are a lien only upon the property of that class, the whole taxes of each class being a lien upon every item of that class.

2. INJUNCTION: *Against taxes in part illegal.*
   A sale of property for taxes which are illegal in part will not be enjoined where there is no offer to pay the part which is legal.

APPEAL from *Cleburne* Circuit Court.
Hon. F. T. VAUGHAN, Circuit Judge.

*C. W. Cox*, for appellant.

*First*—The court of chancery had jurisdiction, and once having taken jurisdiction, will retain it and enjoin the sale of personal property. *30 Ark., 128; Mansfield's Digest, sec. 3731; 34 Ark., 603; 39 Ark., 412; 38 ib., 271; 98 Ill., 205; 105 ib., 224; 47 Conn., 294.*

*Second*—No lien is given by the statute on particular articles for the specific tax on such article. The statute is silent on the subject. *Sec. 5712, Mansfield's Digest.* No lien can exist for the payment of taxes unless expressly given by statute, and such a statute is strictly construed. *3 Metc. (Ky.), 148; 27 Cal., 613; 9 Pick., 412; Cooley Tax, 202.*

Personal property is listed in a lump (*Mansfield's Digest, sec. 5620*), and there is no specific lien on any specific article for the tax thereon. See *98 Ill., 216; 23 Ill., 420; 27 Pa. St., 49.* An innocent purchaser then takes the property discharged of the lien, or at least if a general lien attaches no method of enforcing it is pointed out. The lien itself can give no power to enforce the lien, and there can be no right to distrain unless the statute confers that authority. *7 Wait Ac. and Def., 215; 3 Metc. (Ky.), 148.*

Under *sec. 5746, Mansfield's Digest*, the property levied upon must belong to the party owing the taxes. *23 Ill., 419; 7 Hun. (N. Y.), 371.*

See also *secs. 5751-4-6.* No mention is made of following the property into the hands of third persons, but the intention is to follow the person owing the taxes and distrain any property *belonging to him.*

In this case no lien was created, as the listing, assessment and equalization and levy of taxes were illegal. *1 Mc-Crary, 1; 6 Wheat, 119; 9 Cranch., 64; 4 Pet., 349; 4 ib., 403; 16 How., 618; 4 Wheat., 77; 4 McLean, 213; Hilliard on Tax, 291.*

COCKRILL, C. J. The appellant sought to restrain the collector of taxes for Cleburne county from selling a portable engine, boiler and saw mill, which had been seized for overdue taxes. It is alleged in his complaint that this property was listed for taxation in the years 1882 and 1883 as personal property by one Smith, who was then the owner of it; that some time in the year 1883, Smith, who had not paid the taxes charged upon his personal property, sold the mill, engine and boiler to a firm of merchants, from whom the appellant purchased without knowledge of the fact that Smith's taxes were unpaid; that Smith had also listed other personal property for taxation in the same years, and that the taxes charged against him for those years on account of personalty amounted to the sum of $90, which amount included the taxes charged upon the property owned by the appellant and described above; that in the spring of 1884, after the time for paying the taxes of 1883 had expired, the collector distrained the property described and was proceeding to sell it to pay the full $90 charged against Smith.

The court, after issuing a temporary restraining order, sustained a demurrer to the complaint and dismissed it for want of equity.

It is contended for the appellant that the state has no lien for taxes upon personal property in the hands of a purchaser from the person to whom the property was assessed; but that if such lien exists each specific article

1. Lien of taxes on personal property.

is liable only for its due proportion of the taxes, and that no summary remedy is given for its collection.

Conceding the jurisdiction of equity to interfere by way of injunction in this class of cases under *section 3731, Mansfield's Revised Statutes*, we may consider the points stated.

The right of the state to any lien under the case presented and the power of summary enforcement of it must be prescribed by statute. It does not exist otherwise. *Crawford v. Carson, 35 Ark., 565, 579.*

The right to the lien upon personal property is found in the following provisions of the revenue law : *Sec. 5712, Mansfield's Digest:* " Taxes assessed upon real or personal property shall bind the same and be entitled to preference over all judgments, executions, incumbrances or liens whensoever created, and all taxes assessed shall be a lien upon and bind the property assessed from the first Monday in February of the year in which the assessment shall be made, and shall continue until such taxes, with any penalty that may accrue thereon, shall be paid. *Provided,* that as between grantor and grantee said lien shall not attach until the first Monday in July in each year."

*Ssc. 5714:* * * * " The taxes shall be a charge upon the real and personal property taxed, and when sold shall vest the title in the purchaser without regard to who owned the land or other property when assessed or when sold."

After so clear a declaration that taxes are a charge upon personal property, and that the lien thus created can be discharged by payment alone, the intention of the legislature to except any one, however innocent his purchase, from its operation, must be found in the act itself. The courts can engraft no exception upon the statute. If the lien was not intended to bind the property in the hands of whomsoever found, the provisions were unnecessary as far as they relate to personalty, for other provisions of the

statute authorize the distraint of any or all of the personal property owned by the delinquent at the time of seizure, regardless of the fact whether it was ever assessed or taxed. If it was not the design of the statute to enable the state to follow this class of property, wherever found, why is the lien made to relate to the first Monday in February, when the tax is not due until October? Why is the provision inserted for a sale without regard to ownership at the time of sale? Besides this, the proviso to the first of these sections contemplates that, in the absence of an agreement between the parties, the vendee purchasing before the first Monday in July is under the legal obligation to pay the taxes, or a part of them in any event, that are a charge upon the property purchased, or at least shall make no claim upon his vendor for indemnity. *Crowell v. Packard, 35 Ark., 348.* It is apparent that when the lien attaches it is paramount and remains a charge without regard to change of ownership. *2 Desty Tax, p. p. 732, 739; State v. Rowse, 49 Mo., 586; Anderson v. State, 23 Miss., 459, 475.*

In the creation of the lien the statute makes no difference in terms between real and personal property, but it is elsewhere expressly provided that each tract of land is separately responsible for the taxes due upon it and no more. No similar provision exists in regard to personal property, and the confusion of terms used in declaring the lien does not leave it clear whether the legislature intended to extend the lien for all the taxes due for personalty from an individual to all the personal property listed by him, or to give it a more restricted extent. It is declared that "*taxes assessed* upon real or personal property shall bind the same;" and again, "all taxes assessed shall be a lien upon and bind the property assessed."

To assess property is simply to place a value upon it. To assess taxes is to fix or settle an amount to be levied or raised upon the property. *Valle v. Fargo*, *1 Mo. App. R.*, *344*. Now the statement or list of personal property which the statute requires the tax payer to furnish the assessor must distinctly set forth the several classes of property specified in the statute with the value of each class; as so many horses, so many neat cattle, so much merchandise, etc., with the value of each class. *Mansf. Rev. St., sec. 5620*. These classes, with the value of each, are carried forward into the tax-books by the clerk. He states the total valuation of each individual's personal property and the aggregate only of his personal taxes; and if we are to regard this sum as the taxes assessed upon the personal property as a whole, then the lien for the whole tax would extend to each item of property in any given list. But this construction would burden personal property with secret liens to an extent to be abhorred, and would be a restraint upon the free exchange and alienation of personal property that ought not to be drawn from the statute, when the meaning is not clearly manifested. We are inclined to the view that the amount is assessed in gross by the clerk for the convenience of the collector merely in collecting and receipting for taxes in the ordinary mode. Property is taxed according to its value by a uniform rate, and the amount of taxes assessed upon any particular piece of property when its value is shown, is found by multiplying the value by the rates of taxation. If then the taxes are a lien upon the property as it is assessed or valued, as seems to be contemplated in the second provision last above quoted, we must look to the *assessment of the property* for the extent of the lien. As each class, whether comprised of one or more articles or items, is valued as a whole, the taxes assessed upon this value are the extent of the lien or

charge upon the class; but the taxes being assessed upon it as a whole, each several part is liable *in solido* for the taxes of the class to which it belongs, just as they would be if all were included in a mortgage or condemned by decree of court. The intent of the legislature to give the lien this extent is clear. To seek to limit it further and confine it to each article as though assessed and taxed alone, would lead to inextricable confusion. The officer seeking to enforce the lien could not segregate a part from the whole and determine for himself its proportion of the assessed value. In the absence of an express declaration to that effect, we cannot presume the legislature designed to impose such difficulties upon the collection of the revenue. *Hill v. Figley, 23 Ill., 418; Binkert v. Ry., 98 ib., 205; Mesker v. Kotch, 79 Ind., 68.*

After the 10th of February, in any year, the collector is authorized to proceed to collect the taxes due upon personal property by distraint. Any personal property belonging to the delinquent tax payer is liable to be seized and sold for taxes due upon personalty. *Sec. 5764, Mansf. Rev. St. Section 5713* provides that no property shall be exempt from distress "for taxes due thereon," and the section following, which is quoted above, contemplates a sale of the property upon which the tax is a charge without regard to who owns it at the time of sale. The process of distraint is in the nature of an execution; any property to which the lien of the taxes due attaches may be taken in satisfaction, just as the officer holding an execution may take property to which the lien of the judgment or of the execution attaches, regardless of the claim of ownership.

The appellant was entitled to no relief upon the case made. We have not overlooked the allegations in the complaint, that the lien for taxes for one of the years above mentioned did not attach because of irregularities in the

2. Injunction when taxes illegal in part.

assessment and levy for that year. The demurrer confesses the allegations, it is true, but if this would otherwise entitle the appellant to relief, it cannot affect the correctness of the decree rendered. No attack is made upon the regularity of the taxes for the other year named, and no offer or tender of the taxes which were a valid charge was ever made. This is sufficient ground for the denial of relief upon the maxim, that "he must do equity who seeks it." *Worthen v. Badgett, 32 Ark., 496; Mesker v. Kotch, 76 Ind., supra.*

Affirm.