J. H. BURFIEND, ET AL., RESPONDENTS, *v.* THOMAS F. HAMILTON, SHERIFF, APPELLANT.

[Submitted Oct. 18, 1897. Decided Dec. 1, 1897.]

*License—Lien—Priority.*

UNDER Section 4049 Political Code, property which is held or used in any trade, occupation or profession for which a license is required, is liable for license, and the lien for the amount of license has precedence over any mortgage upon the same.

*Appeal from District Court, Beaverhead county. Frank Showers, Judge.*

ACTION by J. H. Burfiend and C. Burfiend, partners under the firm name of Burfiend Bros., against Thomas F. Hamilton, sheriff of Beaverhead county. Judgment for plaintiffs. Defendant appeals. Reversed.

Statement of the facts by the justice delivering the opinion.

This is an action for the recovery of the possession of certain personal property described in the complaint.

It appears from the complaint that on March 4, 1895, one Charles Hirschman executed his promissory note to the plaintiffs for the sum of $500, payable one year after date, with interest at 12 per cent. per annum; and that for the purpose of securing the payment of said note he executed to them a chattel mortgage on the property mentioned in the complaint, consisting of billiard tables, bar, bar fixtures, and furniture, together with all the appurtenances which usually belong to a billiard hall and saloon, the said Hirschman being then a saloon keeper in the town of Dillon, and using all of the property mortgaged in his saloon and billiard hall. On the 29th day of February, 1896, the defendant, who was then the sheriff of Beaverhead county, seized all of the property mentioned in the complaint under a writ of attachment in a suit commenced by the treasurer of said county in the name of the state against said Charles Hirschman for the collection of the sum of $256 and statutory penalties and costs then due and payable from said Hirschman as a license tax as a retail liquor dealer in said county, and which said license tax the said Hirschman had theretofore failed and refused to pay, notwithstanding the said tax was then long past due.

The plaintiffs allege in their complaint that the taking of the property under the writ of attachment aforesaid was wrongful and unlawful, for the reason that the said sheriff did not, before levying the said attachment upon and taking possession of said property, tender or pay to the mortgagees in

said mortgage named the whole amount due and secured i y said mortgage, or deposit the same with the treasurer of said county.

The defendant sheriff justified the taking of the possession of said property under his writ of attachment, and alleged that he was not bound to pay off and discharge said mortgage before levying the writ upon the property in controversy, for the reason that said property was, at the time of said levying and taking possession thereof by him, the property of said Hirschman, and was then in his possession, and being used by him in the conduct and carrying on of his business as retail liquor dealer; and that under Section 4049, Political Code, there was a lien upon said property, and all of it, to secure the payment of the license tax due from said Hirschman as such retail dealer, and that said lien took precedence over the mortgage of the plaintiffs, and other claims and demands and liens of every nature and description.

The defendant denied the right of plaintiffs to the possession of the property, and denied all damages alleged in the complaint.

The plaintiffs moved for a judgment on the pleadings, on the ground that the answer admitted all the material averments of the complaint, which motion the court sustained, and thereupon rendered judgment that the plaintiffs recover the property mentioned in the complaint, and $100 damages and costs. From this judgment the defendant appeals.

*C. B. Nolan,* Attorney General, *J. B. Poindexter,* and *E. J. Conger,* for Appellant.

PEMBERTON, C. J.—Section 4049 of the Political Code is as follows : ''All property held or used in any trade, occupation, or profession for which a license is required by the provisions of this chapter is liable for such license, and subject to a lien for the amount thereof, which lien has precedence of any other lien, claim or other demand. *  *  *''

Section 1365, Fifth Division, Comp. St. 1887, contains

substantially the same provision as to the license being a lien on the property used in any trade, occupation, or profession for the carrying on of which a license is required.

Section 4044 of the Political Code authorizes the treasurer to bring suit by attachment against any person required to take out a license who fails, neglects or refuses to do so.

The answer in this case positively alleges that the property in controversy was the property of Hirschman, and was in his possession, it being used by him in his business as retail liquor dealer at the time of the levy of the attachment by the sheriff in the action by the state against him to collect the license tax which he had refused and neglected to pay. We think it appears from the complaint that the legal title to the property was in Hirschman at the time of the levy of the writ of attachment by the sheriff.

The question presented by the appeal then is, did the statutory lien on the property for the license tax take precedence over the mortgage lien of the plaintiff?

The statute says such "lien has precedence of any other lien, claim or other demand." We think the legislature had the power to enact laws giving liens on such property for the purpose of securing the payment of such taxes.

Judge Cooley says the competency of such legislation is unquestionable. (Cooley, Tax'n (2d Ed.) p. 445.) It would greatly embarass the state in the collection of its revenues if it could not, by appropriate legislation, secure to itself the payment of taxes by making them a first lien on the property of the person whose duty it is to pay the same, whether the tax be a property or a license tax. No thoughtful person, we think, would contend that the state, in a case like the one before us, should be driven to the necessity of paying off mortgages on property subject to taxation, or a lien for taxes, before it could collect its revenues. Any person situated like Hirschman in this case, who wished to avoid the payment of legal taxes, would only have to execute a mortgage on the property used in his business, in order to compel the state either to pay off the mortgage or lose the taxes due.

We cannot consent to a construction of the law that would produce such disastrous results to the state. When the mortgagees took the mortgage they rely on in this case they knew what the law was. They will not be permitted to say that they did not know that the law made the license tax due from the mortgagor a first lien on the property he was using in his business as retail liquor dealer. The law entered into the mortgage contract. (Jones, Chat. Mortg. § 474.)

The lien fixed by the statute is different from an ordinary incumbrance. (Cooley, Tax'n (2d Ed.) p. 445; *Osterberg* v. *Union Trust Co.*, 93 U. S. 424.) We are clearly of the opinion that the lien for the license tax due from Hirschman took precedence on the property in controversy over the mortgage lien of the plaintiffs. The answer, if true, contains a complete defense to the action. The judgment is reversed, and the cause remanded, with directions to overrule the motion for judgment on the pleadings.

*Reversed and Remanded.*

HUNT and BUCK, JJ., concur.