ANN E. MOREY v. CITY OF DULUTH.

January 6, 1899.

Nos. 11,440—(93).

### City of Duluth—Lien of Assessment for Local Improvement—Sp. Laws 1887, c. 2, subc. 5, Construed.

The charter of the city of Duluth, relating to assessments for local improvements (Sp. Laws 1887, c. 2, subc. 5), construed, and *held*, that the lien of the assessment on the land benefited by the improvement is paramount to all other interests therein, including prior mortgage or other liens thereon; and, further, that mortgagees are included in the terms "persons interested" and "owner," as used in the charter, and may appear and oppose the confirmation of the assessment and the entry of judgment therefor, and that, if they fail so to do, they are concluded thereby.

### Same—Lien of Prior Mortgage—Res Judicata.

The city acquired by deed from the fee owners a strip of land upon which the plaintiff had a mortgage, took possession of it, opened and improved it as a public street, and assessed the cost thereof on the abutting property, without first extinguishing the plaintiff's lien. *Held* that, if the assessment was prematurely made, it was a defense which the property owners might have urged in resisting confirmation of the assessment and the entry of judgment, but it does not affect the validity of the judgment.

From an order of the district court for St. Louis county, Cant, J., denying a motion for a new trial, plaintiff appealed. Affirmed.

*A. A. Harris* and *Henry E. Harris*, for appellant.

Mortgagees are not "owners" as that term is used in the charter of the city of Duluth. St. Paul & S. C. R. Co. v. Matthews, 16 Minn. 303 (341); Parish v. Gilmanton, 11 N. H. 293; Crane v. City, 36 N. J. Eq. 339. The existence, force and extent of assessment liens depend upon the statute creating them. Gause v. Bullard, 16 La. An. 107; City v. Greble, 38 Pa. St. 339; Allegheny City's Appeal, 41 Pa. St. 60; Cook v. State, 101 Ind. 446; State v. Ætna, 117 Ind. 251. The city had no title to this street as against plaintiff. Morey v. City of Duluth, 69 Minn. 5. And it could not acquire title except through a deed, or by condemnation proceedings, and the payment

or tender of just compensation. Mayor v. Hook, 62 Md. 371; 2 Beach, Pub. Corp. § 1115.

A mortgagee of lands is not an "owner" thereof. Parish v. Gilmanton, supra; Mayor v. Boyd, 64 Md. 10; Wright v. Bennett, 4 Ill. 258. Assessment statutes are to be strictly construed against a city. Elliott, Roads & S. 370; Nopson v. Horton, 20 Minn. 239 (268); City v. Murphy, 79 Ga. 101. The city could not lawfully assess abutting property, without first having acquired title to the street. Detroit v. Detroit, 76 Mich. 421.

J. B. Richards, for respondent. .

All the questions raised on this appeal could have been urged in resisting confirmation of assessments, or judgments, and appellant is barred from raising them here. Albrecht v. City of St. Paul, 47 Minn. 531; State v. Norton, 63 Minn. 497; State v. District Court of St. Louis Co., 61 Minn. 542; Fitzhugh v. Duluth City, 58 Minn. 427; Hennessy v. City of St. Paul, 54 Minn. 219; Keating v. Craig, 73 Mo. 507. A judgment rendered with jurisdiction, and upon due notice, is conclusive against all the world. Chauncey v. Wass, 35 Minn. 1; Board of Co. Commrs. v. Morrison, 22 Minn. 178; City of Duluth v. Miles, 73 Minn. 509. Mortgagees are included in the terms "owner" and "parties interested" as used in the charter of Duluth. See Randolph, Em. D. § 340; Sherwood v. City, 109 Ind. 411; Severin v. Cole, 38 Iowa, 463; State v. Easton, 36 N. J. L. 181; Ellis v. Welch, 6 Mass. 246; Parks v. City, 15 Pick. 198; Watson v. New York, 47 N. Y. 157; 1 Jones, Mort. § 708.

Were the language of the charter ambiguous, and capable of construction, public policy would demand that it should be held that the assessment lien is prior and paramount to all others. See Board of Commrs. v. Anderson, 15 C. C. A. 471; City v. Ridge, 102 Pa. St. 190; Fager v. Campbell, 5 Watts, 287; Parker v. Baxter, 2 Gray, 185.

The mortgage was made subject to the law providing for the assessment, collection and lien of assessment on land in the city of Duluth, and hence plaintiff is estopped to deny the city's superior rights in the property. See Smith v. Stevens, 36 Minn. 303; Peo-

ples v. Tripp, 13 R. I. 621; Hersee v. Porter, 100 N. Y. 403; Brine v. Insurance Co., 96 U. S. 627; Morrow v. Dowes, 28 N. J. Eq. 459.

START, C. J.

On August 26, 1890, Messrs. Sherwood and Smith were the owners in fee of the ten acres of land described in the complaint, which was then vacant and unplatted, without any streets or highways upon it. On that day they executed a mortgage thereon to the plaintiff, which was duly recorded, to secure the payment of $10,000 on August 24, 1894, with interest. On February 9, 1891, a petition was duly presented to the common council of the defendant city, praying that a street be opened, graded, and otherwise improved over the land in question and other lands. Thereafter, and in the month of April, 1891, the defendant procured a deed from plaintiff's mortgagors for an easement in a public street in a strip of land 66 feet wide over their land; and thereupon it established, opened and improved such strip as a public street, which was and is known as "Superior Street." The defendant did not acquire from the plaintiff the right so to open and establish the street over the land so mortgaged to her.

The board of public works of the city on December 16, 1892, levied an assessment upon that portion of the mortgaged premises lying within 150 feet of either side of Superior street for the sum of $3,143.42, as its share of the cost of the improvement. This assessment, at the request of the fee owners, was divided into five parts, to become due at five several annual dates, commencing October 1, 1894. The district court on May 27, 1893, confirmed the assessment; and on February 6, 1895, judgment was entered against the land for the first instalment of the assessment. Judgments were in like manner rendered for the second and third instalments of the assessment on March 26, 1896, and March 13, 1897, respectively. The real estate was offered for sale on each of the three judgments, and bid in by the defendant.

The plaintiff on August 29, 1895, became the owner of the real estate in controversy, by a foreclosure of her mortgage, except as against the defendant. See Morey v. City of Duluth, 69 Minn. 5, 71 N. W. 694.

The plaintiff brought this action to set aside the assessments, the judgments and the sales in question, upon the ground that the lien she acquired by virtue of her mortgage was superior to the lien of the assessment and judgments, and that the lien of the latter was extinguished by the foreclosure of the mortgage.

The trial court found all of the proceedings culminating in the assessment and judgments to have been regularly taken, but that the notice of the sales under the judgments was insufficient; and, as a conclusion of law, that the sales be set aside, but that the assessment and judgments were liens upon the land of the plaintiff paramount to all of her interests therein. The plaintiff appealed from an order denying her motion for a new trial, and assigns as error that the court erred in its conclusion of law that the defendant's lien is paramount to the plaintiff's title to the land.

The plaintiff's contention is: First. The lien of the defendant could not and did not become paramount to the lien and interest of the plaintiff. Second. If, in any event, defendant's lien could have become paramount, it did not do so, for the reason that defendant did not acquire title to the strip improved as a street, and could not lawfully assess the abutting property without having acquired such title.

1. In support of the plaintiff's first proposition it is urged that the charter of the city of Duluth under which the assessment was made, confirmed and the judgments entered, does not make the assessment a paramount lien on the premises, and that the plaintiff's mortgage being an existing lien at and before the lien of the assessment attached, the former is superior to the latter. And, further, that her interest in the land being that of mortgagee, and not that of owner, she had no right to appear and oppose the assessment and the entering of the judgments. If this is correct, it would follow that the order confirming the assessment and the judgments would not be res adjudicata as to her and her interest in the land, as the defendant claims, for if such be the case the court had no jurisdiction of either her or her interest in the land. It is necessary then to examine the merits of her claim.

The charter provisions as to the assessment and judgments may be summarized as follows: At the time and place, specified in a

notice to be previously published, for the hearing of an application to the district court for an order confirming the assessment, any parties interested therein may appear and make objection to the same; the court must hear any objection to the same by parties interested, and all persons may appear in person, or by attorney, and object to the assessment or any part thereof. After the making of an order by the court confirming the assessment, it is to be deemed in all things res adjudicata and, from and after filing the assessment roll in the office of the board of public works, the assessment becomes a lien upon each and every parcel of land therein described. The comptroller within ten days after the assessment is confirmed must publish a notice to parties interested in the assessment, that a duplicate roll thereof has been delivered to him. He must also cause at least twenty days notice, by publication for ten days, of his intended application to the court for judgment against the property upon which the assessment has been made, which notice must contain a description of the judgment and require all persons interested to attend. The owner of any of the property may appear at the time designated in the notice, and file objections to the recovery of judgment against his property. If no owner appear and object, judgment is to be rendered against each parcel of the land for the amount of the assessment, interest and costs. Where a defense is made and judgment is entered against the property, the appearance of the defendant is required to be entered of record. All deeds to purchasers of the land at a sale under the judgment are prima facie evidence of title in the grantee, after the expiration of the time of redemption. All deeds or conveyances of the land affected by the assessment are subject to the lien thereof from and after the date of the filing and confirmation of the assessment roll. See Sp. Laws 1887, c. 2, subc. 5.

It is true, as claimed by plaintiff, that the lien of the assessment attaches at a time fixed by the charter, that is: from and after the time of the confirmation of the assessment roll and filing thereof; but this does not justify the conclusion that the lien is subordinate to all prior liens on the land, although the charter does not expressly declare that the lien of the assessment is paramount to all other liens.

75 M.—15

When the several provisions of the charter to which we have referred are read and considered together, it is clear that the only reasonable construction which can be given to them is that the lien of the assessment, when it once attaches, affects all interests in, or liens upon, the property without reference to the time when they are acquired. Therefore the assessment is the paramount lien on the property precisely as if the assessment were a general tax. Any other construction would practically defeat the whole scheme for local improvements provided for by the charter. The legislature had the undoubted power to so make the assessment the paramount lien. Provident Institution for Savings v. Jersey City, 113 U. S. 506.

The proceeding authorized by the charter to charge land with the cost of local improvements to the extent of benefits received therefrom is one in rem. It is the whole interest in the land that is assessed for the improvement, not some particular estate therein. The improvement is for the benefit of all interests in the land, for that of the lienholder as well as that of the fee owner, and necessarily the lien of the assessment for the improvement must be coextensive with the estate benefited and assessed. 2 Blackwell, Tax Tit. §.695. If the land is sold under the judgment, the whole estate and interest of all parties therein passes to the purchaser, subject to the right of redemption, and the deed is made prima facie evidence of title in the grantee. The title conveyed by the deed is the whole interest in the land, not simply that of the fee owner.

It is true that liens of the class to which assessment liens belong are purely statutory, and that their existence and extent depend on the statute. But our construction of the charter is that it does, by necessary implication, provide that the lien of the assessment on the property benefited by the improvement shall be paramount to all other interests therein, including prior mortgages or other liens thereon.

It is further urged that under the provisions of the charter only owners of the land, in the strict meaning of the term, that is: those who possess the legal title, are permitted to appear and defend against the entry of judgment for the assessment; hence, the plaintiff being only a mortgagee, never had any right or opportunity to

be heard. It is apparent, however, from the provisions of the charter, that the word "owner" is not used therein in its strict sense, but that it means persons interested in the land, which includes mortgagees. Thus, all persons interested in the assessment are given the right to appear at the hearing on the application for confirmation of the assessment, and it is the duty of the court to hear them.

And, further, the comptroller is required to publish a notice to parties interested that the assessment roll has been delivered to him, and to publish notice of his application for judgment, in which the land must be described, and all persons interested required to appear before the court at the time stated in the notice, at which time the owner of the land—that is, any person interested therein—may appear, in person or by attorney, and file objections to the entry of judgment against his property. It is manifest that mortgagees are included in the terms "parties interested" and "owner," as used in the charter. See Severin v. Cole, 38 Iowa, 463; Sherwood v. City, 109 Ind. 411, 10 N. E. 89; State v. Easton, 36 N. J. L. 181.

2. The plaintiff's second and last claim is that the city did not acquire title to the street over her land, and, therefore, could not lawfully assess the abutting land without having acquired such title. The defendant did acquire title to the street by its deed from the then owners in fee, subject only to the lien of the plaintiff's mortgage thereon, and entered into possession thereof and made the improvements. In doing so it was not a trespasser. It had the right to possession of the street, and to make the improvements, by virtue of the deed.

If, as claimed, the assessment was premature, because the city had not then extinguished her lien upon the street, it was a defense which the plaintiff might have urged in resisting the confirmation of the assessment and the application for judgment. Having failed to do so, she is now concluded as to this defense by the judgment. Hennessy v. City of St. Paul, 54 Minn. 219, 55 N. W. 1123.

Order affirmed.